UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Anthony S. Sawyer</u>

   v.                                                                                  Case No. 12-mc-019-LM

<u>Purdue Pharmaceutical Corp.</u>

   v.

<u>Gary B. Richardson</u>


**O R D E R**

Anthony Sawyer has sued Purdue Pharmaceutical Corporation ("Purdue") for products liability, in the Middle District of Pennsylvania. Before this court is Attorney Gary Richardson's motion to quash a subpoena served on him by Purdue. Purdue has not responded. For the reasons that follow, Atty. Richardson's motion to quash is denied.


**Background**

Atty. Richardson once represented Sawyer in a civil matter. Purdue's subpoena directed him to produce "[a]ll unprivileged records pertaining to [his] representation of Anthony S. Sawyer . . . including but not limited to medical records." Mot. to Quash, Ex. 1 (doc. no. 1-1). Purdue also provided Atty. Richardson with a document titled "Authorization for Release of Medical Records In Compliance With the Health Insurance

Portability and Accountability Act of 1996 (HIPAA)" that appears to have been executed by Sawyer. Id., Ex. 2. Purdue did not, however, provide Atty. Richardson with a waiver of the attorney/client privilege executed by Sawyer.

## Discussion

According to Atty. Richardson's unsworn motion, his firm has six cartons of material related to his representation of Sawyer, located in an off-site storage facility. In those cartons, material subject to the attorney/client privilege is comingled with unprivileged material. Purdue's counsel has agreed to pay any out-of-pocket expenses Atty. Richardson may incur in responding to the subpoena, but has failed to provide a waiver of the attorney/client privilege and refuses to compensate Atty. Richardson for the time it would take him to review the documents and determine which ones are subject to the attorney/client privilege.

Atty. Richardson frames his legal argument in the following way:

> Federal Rule 45(c)(1) protects a person subject to a subpoena by requiring the attorney responsible for issuing the subpoena to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. The refusal to provide an appropriate waiver of the attorney-client privilege and reasonable compensation for the time required in complying with the Subpoena, justifies an award of

> attorneys' fees and costs related to the necessity of filing this Motion with the Court.
>
> Federal Rule 45(c)(3)(A)(iii) requires that a subpoena be quashed that requires disclosure of privileged or protected matter or subjects a person to undue burden.

Mot. to Quash (doc. no. 1) ¶¶ 7-8.  Beyond citing the Federal Rules of Civil Procedure ("Federal Rules"), Atty. Richardson's motion to quash identifies no other authority for his legal argument.

While Atty. Richardson appears to invoke Rule 45(c)(3)(A)(iii), which requires a court to quash a subpoena that requires the disclosure of privileged material, the subpoena at issue here expressly requested "[a]ll <u>unprivileged</u> records" (emphasis added) in Atty. Richardson's possession, which would appear to resolve any conflict between the subpoena and Rule 45(c)(3)(A)(iii).  Thus, the dispositive issue is who should bear the expense of making sure that Atty. Richardson does not disclose any privileged materials.  In Atty. Richardson's view, requiring him to absorb the costs of examining his files to excise any documents subject to the attorney/client privilege is an undue burden that entitles him to: (1) have the subpoena quashed; and (2) be reimbursed for the time and expense associated with filing his motion to quash. The court does not agree.

The Federal Rules provide that "[o]n timely motion, the issuing court must quash or modify a subpoena that: . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Indeed, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Behrend v. Comcast Corp., 248 F.R.D. 85, 85 (D. Mass. 2008) (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998)). Moreover, "Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that '[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.'" Behrend, 248 F.R.D. at 86. As Magistrate Judge Alexander further explained:

> When determining whether a subpoena duces tecum results in an undue burden on a party such factors as "the relevance of the documents sought, the necessity of the documents sought, the breadth of the request . . . expense and inconvenience" can be considered. Demers v. LaMontagne, No. Civ.A. 98-10762-REK, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999). The main issue for this Court is whether Greater Media is required to pay for its own costs incurred responding to the subpoena duces tecum. Usually, absent an order compelling document production, a non-party bears its own production cost. See Boston Children's Heart Found., Inc. v. Nadal-Ginard, No. Civ.A. 93-12539-REK, 1995 WL 17015062, at *2 (D. Mass. Aug. 23, 1995). "A non-party can be required to bear some or all of its expenses where the equities of a particular case demand it." In re Honeywell Intern., Inc. Sec. Litig., 230 F.R.D. 293, 302-03 (S.D.N.Y. 2003).

4

> Furthermore, in determining the cost allocation, courts consider three factors: (1) whether the non-party actually has an interest in the outcome of the case, (2) whether the non-party can more readily bear the costs than the requesting party, and (3) whether the litigation is of public importance. In re Exxon Valdez, 142 F.R.D. 380, 383 (D.D.C. 1992).

Behrend, 248 F.R.D. at 86 (footnote omitted). After carefully examining the three factors she drew from In re Exxon Valdez, Judge Alexander granted the plaintiff's motion to compel the defendant to produce between four and five hundred cartons of subpoenaed documents, at its own expense. Behrend, 248 F.R.D. at 87.

Based upon the ruling in Behrend, this court has little difficulty concluding that Atty. Richardson is not entitled to relief from Purdue's subpoena on grounds of undue burden. By all accounts, Atty. Richardson was Sawyer's counsel, so he will not be required to learn the details of a case with which he is completely unfamiliar before he can respond to the subpoena. Moreover, in comparison with the number of cartons at issue in Behrend, the number here is very small, and the court does not have before it any evidence concerning how long it might reasonably take Atty. Richardson to remove the privileged material from his Sawyer file. All the court has to go on is its own speculation, uninformed by any information about the files themselves. For that reason, and because Atty.

Richardson's motion does not address the factors Judge Alexander identified in Behrend, the court cannot conclude that this case provides any reason to deviate from the general rule that "absent an order compelling document production, a non-party bears its own production costs," Behrend, 248 F.R.D. at 86.

## Conclusion

For the reasons explained above, Atty. Richardson's motion to quash, document no. 1, is denied. Moreover, as Atty. Richardson has not prevailed, he is necessarily not entitled to attorney's fees or any other sanctions against Purdue. That said, it would certainly be better for all concerned for Purdue to resolve the privilege issue by obtaining a waiver of the attorney/client privilege from Sawyer, but that is a matter for the parties to resolve, not the court.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 29, 2012

cc:  Gary B. Richardson, Esq.